THE HONORABLE JOHN H. CHUN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VALVE CORPORATION,<br><br>                Plaintiff,<br><br>   v.<br><br>ZAIGER, LLC and JOHN DOE CORPORATION,<br><br>                Defendants. | No. 2:23−cv−01819−JHC<br><br>**VALVE CORPORATION'S NOTICE OF SUPPLEMENTAL AUTHORITY** |

Under LCR 7(n), Plaintiff Valve Corporation attaches and respectfully brings to the Court's attention Judge Andrea K. Robertson's March 15, 2024 Order Denying Defendants Bucher Law PLLC, and AFN Law, PLLC's Motion to Dismiss or for Summary Judgment in King County Superior Court.

DATED this 18th day of March, 2024.

CORR CRONIN LLP

*s/ Blake Marks-Dias*
Blake Marks-Dias, WSBA No. 28169
Jeff Bone, WSBA No. 43965
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001

VALVE CORPORATION'S NOTICE OF
SUPPLEMENTAL AUTHORITY– Page 1

CORR CRONIN LLP
1015 Second Avenue, 10th Floor
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

(206) 625-8600 Phone
(206) 625-0900 Fax
bmarksdias@corrcronin.com
jbone@corrcronin.com

*Attorneys for Plaintiff Valve Corporation*

2023 00002 oc156628tq

VALVE CORPORATION'S NOTICE OF
SUPPLEMENTAL AUTHORITY– Page 2

HONORABLE ANDREA K. ROBERTSON

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR KING COUNTY

VALVE CORPORATION,

    Plaintiff,

v.

BUCHER LAW, PLLC, AFN LAW PLLC, and JOHN DOE CORPORATION,

    Defendants.

Case No. 23-2-20447-6 SEA

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS OR FOR SUMMARY JUDGMENT**

THIS MATTER having come before this Court on Defendants Bucher Law PLLC, and AFN Law, PLLC's ("Defendants") Motion to Dismiss or for Summary Judgment, and the Court having considered the materials on file on this issue, and having heard oral argument on March 15, 2024, and being fully advised, now, therefore the Court finds as follows:

Under CR 12(b)(6), dismissal is warranted only if the Court concludes, beyond a reasonable doubt, the plaintiff cannot prove any set of facts which would justify recovery. It is well-established that such motions should be granted "sparingly and with care."

### *Sufficiency of Claims*

Valve has alleged sufficient facts to establish a plausible claim of tortious interference which survives a CR 12(b)(6) motion. This applies to both the attorney Defendants as well as the Funder.

Valve has also alleged sufficient facts to plausibly allege a claim of abuse of process, particularly given the unique circumstances of the case and the terms of the SSA.

### *Litigation Privilege*

Defendants claim that the litigation privilege insulates its conduct entirely, but the privilege does not extend to every circumstance which bears some relation to a judicial proceeding. Additionally, the conduct and statements challenged by Valve occurred in large part outside of "the course of court proceedings" overseen by a judge, and to the degree that these actions led to thousands of potential individual arbitrations, there is arguably no viable remedy for Valve to seek relief.  Immunity is not usually extended to settings where judicial authority lacks "the power to discipline as well as strike from the record statements which exceed the bounds of permissible conduct." *Twelker v. Shannon & Wilson, Inc.*, 88 Wn.2d 473, 476 (1977), cited with approval in *Young v. Rayan*, 27 Wn.App.2d 500, 510, *rev den,* 539 P.3d 4 (2023).[1]

Defendants do not sufficiently support an argument to extend the litigation privilege regarding a claim of an abuse of process.

### *UPEPA*

Defendants claim that UPEPA applies and this suit infringes on Defendants' rights of freedom of speech or association.  The Court is not convinced that UPEPA applies to this context after careful consideration of the arguments advanced by counsel.  While it is not necessary to make further findings, the Court will do so in an abundance of caution.

---

[1] The Court acknowledges that *Rayan* has rejected the "public policy" exception to the litigation privilege premised upon a defendant's intent.  However, *Rayan* still requires an assessment of whether a recourse exists for those harmed by "privileged" statements.

ORDER DENYING DEFENDANTS'
MOTION TO DISMISS OR FOR SUMMARY JUDGMENT- 2

The Court finds a statutory exception to UPEPA in this matter, as the plain language of RCW 4.105.010(3)(a)(iii) does not apply the statute to a claim brought "against a person . . . selling . . . services if the cause of action arises out of a communication related to the person's sale … of the …. services." Such is the context of the Defendants' actions addressed by this suit.   There is a dearth of Washington case law to guide the Court in determining the extent of this exception, but Valve appropriately guides the Court to *Kostura v. Judge*, 627 SW.3d 380 (2021).  *Kostura* analyzes the plain language of Texas' Citizens' Participation Act,[2] more similar to Washington's statutory language than the California act addressed in the *Taheri* case cited by Defendants.

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss is DENIED.

*Fees Request*

Plaintiff Valve Corporation seeks an award of its fees and costs, under RCW 4.105.090, which is mandatory if responding party prevails on the motion and the court finds that motion was "not substantially justified"[3] or it was "filed with intent to delay the proceeding." There is no argument to support the latter, and this Court finds at least some justification for raising the issue, particularly as there is limited law in this area.   The request for fees under UPEPA is DENIED.

IT IS SO ORDERED.   DATED this 15th of March, 2024.

    *Electronic signature to follow*
HONORABLE ANDREA K. ROBERTSON

---

[2] The *Kostura* court analyzes how Texas law differs from the California statute analyzed in *Taheri Law Group v Evans*. Taheri carves out "lawyer advice to a prospective client on pending litigation" from the "commercial-speech" exemption.  160 Cal.App.4th 482 (2008).  The Texas law does not.  This Court finds Defendant's reliance upon the *Schimmel* case less helpful, given its context. 438 S.W.3d 847 (2014)

[3] The term "**substantially justified**" has been defined in other statutory contexts related to an award of fees: a) "Substantially justified meaning "… justified to a degree that would satisfy a reasonable person." *Raven v. Dep't of Soc. & Health Servs.*, 177 Wn.2d 804, 832 (2013), *Jones v. Washington State Dep't of Lab. & Indus.*, 17 Wn.App.2d 437, 448 (2021); b) "Substantial justification requires the State to show that its position has a reasonable basis in law and fact." *Const. Indus. Training Council,* 96 Wn.App. 59, 68 (1999), *Cobra Roofing Serv., Inc. v. Dep't of Lab. & Indus.*, 122 Wash. App. 402, 420 (2004), aff'd on other grounds, 157 Wn.2d 90 (2006)

# King County Superior Court
## Judicial Electronic Signature Page

Case Number: 23-2-20447-6
Case Title: VALVE CORP VS BUCHER LAW ET ANO

Document Title: ORDER RE DENIAL DEFENDANTS MOT TO DISMISS

Signed By: Andrea Robertson
Date: March 15, 2024

Judge: Andrea Robertson

This document is signed in accordance with the provisions in GR 30.

Certificate Hash: 91CA01BD9E0F7B1F0FDDB8476C1BC53108D3369C
Certificate effective date: 1/6/2021 3:25:19 PM
Certificate expiry date: 1/6/2026 3:25:19 PM
Certificate Issued by: C=US, E=kcscefiling@kingcounty.gov, OU=KCDJA, O=KCDJA, CN="Andrea Robertson: yB71riJ16hG1sZ0o/CyjcQ=="

Page 4 of 4